PEOPLE v. PEOPLES

CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.
  Defendant's plea of guilty was properly accepted by the court
  where the record contains a substantial factual basis for the
  plea, even disregarding the court's questioning the defendant
  as to the facts of the crime and his participation in it, the
  transcript of the preliminary examination alone contains a
  substantial factual basis for the plea, and the transcript ade-
  quately demonstrates the voluntariness of defendant's plea.

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted Division 1 January 19,
1971, at Grand Rapids. (Docket No. 9728.) De-
cided February 26, 1971.

Willie L. Peoples was convicted, on his plea of
guilty, of gross indecency. Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*David M. Hartsook,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and
HOLBROOK, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 484–496.

PER CURIAM. At the conclusion of the preliminary examination the defendant was bound over on a two-count information charging kidnapping (MCLA § 750.349 [Stat Ann 1954 Rev § 28.581]) and assault with intent to commit gross indecency (MCLA § 750.85 [Stat Ann 1962 Rev § 28.280]). On March 4, 1970 the defendant tendered a plea of guilty to the added charge of gross indecency. MCLA § 750.338(b) (Stat Ann 1954 Rev § 28.570[2]). The plea was accepted by the trial judge. Defendant was sentenced to a term of four to five years imprisonment. Throughout the trial court proceeding the defendant was represented by counsel.

Defendant filed a timely claim of appeal grounded on the contention that the trial court erred in failing to ascertain the voluntariness of the plea. The people have filed a motion to affirm the conviction and sentence of the trial court.

Contrary to the contention of the defendant, the record contains a substantial factual basis for the plea. Even ignoring the trial court's direct questioning of the defendant as to the facts of the crime and his participation in it, the preliminary examination transcript satisfies this requirement. *People v. Bartlett* (1969), 17 Mich App 205. The transcript adequately demonstrates that the defendant tendered a voluntary plea to the crime charged. The motion to affirm the conviction and sentence of the trial court is granted.